UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
IN ADMIRALTY

| | |
|---|---|
| CLEAR SPRING PROPERTY <br> AND CASUALTY COMPANY <br><br> Plaintiff, <br><br> v. <br><br> DREAM ON YACHT LLC <br><br> Defendant. | Case. No. 1:21-cv-24219-RKA |

**PLAINTIFF CLEAR SPRING PROPERTY AND CASUALTY COMPANY'S
AMENDED COMPLAINT FOR DECLARATORY JUDGMENT**

COMES NOW the Plaintiff, CLEAR SPRING PROPERTY AND CASUALTY COMPANY, by and through its undersigned counsel, pursuant to 28 U.S.C. §2201, Rule 9(h) of the Federal Rules of Civil Procedure, and Rule A(4) of the Admiralty and Maritime Rules of the United States District Court for the Southern District of Florida, and for its Amended Complaint for Declaratory Judgment would respectfully state as follows:

**PARTIES, JURISDICTION, and VENUE**

1. This is an action for declaratory relief pursuant to Title 28 of the United States Code, sec. 2201 et seq, in that a present controversy exists between the parties hereto in which the Plaintiff asks this Court to adjudicate and determine the rights of the parties to a contract of marine insurance which is in dispute.

2. Venue lies within the Southern District of Florida as this cause arises out of a policy of marine insurance delivered by Plaintiff to the Assured named therein, the Defendant, DREAM ON YACHT LLC, alleged to be located at 15405 NW 7th Ave, Miami, FL 33169

3. This is an admiralty and maritime cause within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and this Court has subject-matter jurisdiction pursuant to Title 28 of the United States Code, §1333.

4. Plaintiff, CLEAR SPRING PROPERTY AND CASUALTY COMPANY, (hereinafter "CLEAR SPRING") is a corporation organized and existing under the laws of the United Kingdom, with its office and principal place of business located in the United Kingdom, in the City of London.

5. Upon information and belief, the Defendant DREAM ON YACHT LLC (hereinafter "DREAM ON" or "the Insured") is a limited liability company incorporated in the State of Florida and with its office, principal place of business, and registered agent for service of process in the State of Florida.

## FACTUAL ALLEGATIONS

6. On or about June 2, 2021, DREAM ON submitted to CLEAR SPRING, via Defendant's agent, an application for a policy of marine insurance.  Such a submission was a routine aspect of the Plaintiff's procedure for considering whether to agree to provide insurance coverage.

7. A true and correct copy of the said application form completed and signed by William Pyznar on behalf of DREAM ON, and submitted to Plaintiff on or about June 2, 2021 by and on behalf of the Defendant by its agent is attached hereto as Exhibit 1.

8. Plaintiff agreed to issue its Policy No. CSRYP/203287, affording one million thirty thousand dollars ($1,030,000.00) in first-party property damage coverage for the vessel named "Dream On" (hereinafter "the Vessel") against the risks detailed therein, based upon the representations set forth in, and the material information disclosed in, the application.

      A true and correct copy of Policy No. CSRYP/203287 (hereinafter "the Policy"), along with applicable endorsements, is attached hereto as Exhibit 2.

9. On or about June 25, 2021, during the period of coverage afforded under the Policy, the Vessel suffered a partial sinking.

10. Upon receipt of the first notice of the June 25, 2021 incident described herein, CLEAR SPRING caused an investigation to be made into the facts and circumstances surrounding the said incident.

11. The said investigation established that the partial sinking of the Vessel was not caused by a fortuitous event and was not an event for which Plaintiff's policy of marine insurance would afford any coverage.

12. The said investigation established that the partial sinking of the Vessel was caused by gradual deterioration.

13. The said investigation established that the partial sinking of the vessel was caused by a manufacturing defect, design defect, and/or latent defect.

14. The said investigation established that the partial sinking of the Vessel was not caused by an accidental external event.

15. The said investigation established that the Vessel was unseaworthy prior to the inception of the Policy and at the time of the partial sinking.

16. The said investigation established that, when the Application was submitted, and prior to the inception of the Policy, DREAM ON failed to disclose facts which would have been material to the judgment of the underwriter who considered the application.

17. Notwithstanding the facts established by CLEAR SPRING's said investigation, DREAM ON has made a claim against the Plaintiff under the terms of the Policy demanding payment for the damage suffered when the Vessel suffered a partial sinking.

## FIRST CAUSE OF ACTION
### (Lack of Fortuity, Policy No. CSRYP/203287)

18. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 6 through 17 as if set forth fully herein.

19. Plaintiff's Policy No. CSRYP/203287 states, in pertinent part:

    ### 3. Coverage A, Hull, Machinery, Equipment and Dinghy

    If a sum insured is shown for Section "A" of the insuring agreement declarations page, we provide coverage for accidental physical loss of, or damage to the Scheduled Vessel which occurs during the period of this insuring agreement and within the limits set out in the insuring agreement declarations page, subject to the insuring agreement provisions, conditions, warranties, deductibles and exclusions.

20. Plaintiff's Policy No. CSRYP/203287 states, in pertinent part:

    11. Service Of Suit, Choice Of Law And Forum

    It is hereby agreed that any dispute arising hereunder shall be adjudicated according to well established, entrenched principles and precedents of substantive United States Federal Admiralty law and practice but where no such well established, entrenched precedent exists, this insuring agreement is subject to the substantive laws of the State of New York.

21. The incident in which the Vessel suffered a partial sinking June 25, 2021 does not constitute an accidental physical loss for which coverage would be afforded under the express terms and provisions of the Policy.

22. Notwithstanding the lack of any coverage under the Policy, DREAM ON has made demand upon CLEAR SPRING for payment of an amount equal to the full insured value of the vessel insured under the said terms of the said policy of marine insurance.

4

23. As a result of the aforesaid lack of coverage under the terms of the terms of the policy attached hereto, Plaintiff has sustained actual prejudice and seeks this Court's Declaratory Judgment regarding the coverage afforded under the terms of Policy No. CSRYP/203287. Until such time as the Plaintiff is able to have its rights and responsibilities under the marine insurance policy construed by this Court, Plaintiff will suffer uncertainty with respect to its responsibilities and obligations under the terms of the said policy.

24. As a result of the Defendant's demands for payment under the terms of the policy of marine insurance attached hereto, and as a result of the lack of any coverage for the loss under the facts and circumstances described herein, a real and justiciable issue exists with respect to the existence of valuable rights under the terms of the policies of marine insurance, and a bona fide, actual and present dispute exists calling for this Court's Declaratory Judgment.

**SECOND CAUSE OF ACTION**
**(Exclusion for Wear and Tear, etc., Policy No. CSRYP/203287)**

25. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 6 through 17 as if set forth fully herein.

26. Plaintiff's Policy No. CSRYP/203287 states, in pertinent part:

Exclusions to Coverage A

Unless specifically agreed by us in writing and additional premium charged the following losses and/or damages (whether incurred directly or indirectly) are not covered by this insuring agreement:

******

b) Losses due to wear and tear, gradual deterioration, lack of maintenance, inherent vice, weathering, insects, mould, animal and marine life.

27. Plaintiff's Policy No. CSRYP/203287 states, in pertinent part:

11. Service Of Suit, Choice Of Law And Forum

5

> It is hereby agreed that any dispute arising hereunder shall be adjudicated according to well established, entrenched principles and precedents of substantive United States Federal Admiralty law and practice but where no such well established, entrenched precedent exists, this insuring agreement is subject to the substantive laws of the State of New York.

28. The incident in which the Defendant's vessel sustained damage on June 25, 2021 was due to wear and tear, gradual deterioration, lack of maintenance, etc., for which coverage is excluded under the express terms and provisions of Plaintiff's policy of marine insurance.

29. Notwithstanding the lack of any coverage under Plaintiff's policy of marine insurance, Defendant has made demand upon Plaintiff for payment of an amount equal to the full insured value of the vessel insured under the said terms of the said policy of marine insurance.

30. As a result of the aforesaid lack of coverage under the terms of the terms of the policy attached hereto, Plaintiff has sustained actual prejudice and seeks this Court's Declaratory Judgment regarding the coverage afforded under the terms of Policy No. CSRYP/203287. Until such time as the Plaintiff is able to have its rights and responsibilities under the marine insurance policy construed by this Court, Plaintiff will suffer uncertainty with respect to its responsibilities and obligations under the terms of the said policy.

31. As a result of the Defendant's demands for payment under the terms of the policy of marine insurance attached hereto, and as a result of the lack of any coverage for the loss under the facts and circumstances described herein, a real and justiciable issue exists with respect to the existence of valuable rights under the terms of the policy of marine insurance, and a bona fide, actual and present dispute exists calling for this Court's Declaratory Judgment.

**THIRD CAUSE OF ACTION**
**(Exclusion for Various Defects, Policy No. CSRYP/203287)**

32. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 6 through 17 as if set forth fully herein.

33. Plaintiff's Policy No. CSRYP/203287 states, in pertinent part:

Exclusions to Coverage A

Unless specifically agreed by us in writing and additional premium charged the following losses and/or damages (whether incurred directly or indirectly) are not covered by this insuring agreement:

******

e) Manufacturing defects or design defects, including latent defects.

34. Plaintiff's Policy No. CSRYP/203287 states, in pertinent part:

11. Service Of Suit, Choice Of Law And Forum

It is hereby agreed that any dispute arising hereunder shall be adjudicated according to well established, entrenched principles and precedents of substantive United States Federal Admiralty law and practice but where no such well established, entrenched precedent exists, this insuring agreement is subject to the substantive laws of the State of New York.

35. The incident in which the Defendant's vessel sustained damage on June 25, 2021 was due to a manufacturing defect, a design defect, and/or a latent defect for which coverage is excluded under the express terms and provisions of Plaintiff's policy of marine insurance.

36. Notwithstanding the lack of any coverage under Plaintiff's policy of marine insurance, Defendant has made demand upon Plaintiff for payment of an amount equal to the full insured value of the vessel insured under the said terms of the said policy of marine insurance.

37. As a result of the aforesaid lack of coverage under the terms of the terms of the policy attached hereto, Plaintiff has sustained actual prejudice and seeks this Court's Declaratory Judgment regarding the coverage afforded under the terms of Policy No. CSRYP/203287.

        Until such time as the Plaintiff is able to have its rights and responsibilities under the marine insurance policy construed by this Court, Plaintiff will suffer uncertainty with respect to its responsibilities and obligations under the terms of the said policy.

38.    As a result of the Defendant's demands for payment under the terms of the policy of marine insurance attached hereto, and as a result of the lack of any coverage for the loss under the facts and circumstances described herein, a real and justiciable issue exists with respect to the existence of valuable rights under the terms of the policy of marine insurance, and a bona fide, actual and present dispute exists calling for this Court's Declaratory Judgment.

**FOURTH CAUSE OF ACTION**
**(Exclusion for Damage to Engines, Etc., Policy No. CSRYP/203287)**

39.    Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 6 through 17 as if set forth fully herein.

40.    Plaintiff's Policy No. CSRYP/203287 states, in pertinent part:

Exclusions to Coverage A

Unless specifically agreed by us in writing and additional premium charged the following losses and/or damages (whether incurred directly or indirectly) are not covered by this insuring agreement:

******

r) Damage to the Scheduled Vessel's engines, mechanical and electrical parts, unless caused by an accidental external event such as a collision, impact with a fixed or floating object, grounding, stranding, ingestion of a foreign object, lightning strike or fire.

41.    Plaintiff's Policy No. CSRYP/203287 states, in pertinent part:

11. Service Of Suit, Choice Of Law And Forum

It is hereby agreed that any dispute arising hereunder shall be adjudicated according to well established, entrenched principles and precedents of substantive United States Federal Admiralty law and practice but where no such well established,

entrenched precedent exists, this insuring agreement is subject to the substantive laws of the State of New York.

42. The damage to the Vessel's engines, mechanical parts, and electrical parts suffered on June 25, 2021 was not caused by an accidental external event such as a collision, impact with a fixed or floating object, grounding, stranding, ingestion of a foreign object, lightning strike or fire.

43. Notwithstanding the lack of any coverage under Plaintiff's policy of marine insurance, Defendant has made demand upon Plaintiff for payment of an amount equal to the full insured value of the vessel insured under the said terms of the said policy of marine insurance.

44. As a result of the aforesaid lack of coverage under the terms of the terms of the policy attached hereto, Plaintiff has sustained actual prejudice and seeks this Court's Declaratory Judgment regarding the coverage afforded under the terms of Policy No. CSRYP/203287. Until such time as the Plaintiff is able to have its rights and responsibilities under the marine insurance policy construed by this Court, Plaintiff will suffer uncertainty with respect to its responsibilities and obligations under the terms of the said policy.

45. As a result of the Defendant's demand for payment under the terms of the policy of marine insurance attached hereto, and as a result of the lack of any coverage for the loss under the facts and circumstances described herein, a real and justiciable issue exists with respect to the existence of valuable rights under the terms of the policy of marine insurance, and a bona fide, actual and present dispute exists calling for this Court's Declaratory Judgment.

**FIFTH CAUSE OF ACTION**
**(Unseaworthiness, Policy No. CSRYP/203287)**

46. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 6 through 17 as if set forth fully herein.

47. Plaintiff's Policy No. CSRYP/203287 states, in pertinent part:

    9. General Conditions & Warranties
    …

    b. It is warranted that the Scheduled Vessel is seaworthy at all times during the duration of this insuring agreement. Breach of this warranty will void this insuring agreement from its inception.

48. Plaintiff's Policy No. CSRYP/203287 states, in pertinent part:

    11. Service Of Suit, Choice Of Law And Forum

    It is hereby agreed that any dispute arising hereunder shall be adjudicated according to well established, entrenched principles and precedents of substantive United States Federal Admiralty law and practice but where no such well established, entrenched precedent exists, this insuring agreement is subject to the substantive laws of the State of New York.

49. The Vessel was unseaworthy at the inception of the Policy.

50. The Vessel was unseaworthy at the time of the partial sinking on June 25, 2021.

51. Notwithstanding the lack of any coverage under Plaintiff's policy of marine insurance, Defendant has made demand upon Plaintiff for payment of an amount equal to the full insured value of the vessel insured under the said terms of the said policy of marine insurance.

52. As a result of the aforesaid lack of coverage under the terms of the terms of the policy attached hereto, Plaintiff has sustained actual prejudice and seeks this Court's Declaratory Judgment regarding the coverage afforded under the terms of Policy No. CSRYP/203287. Until such time as the Plaintiff is able to have its rights and responsibilities under the marine insurance policy construed by this Court, Plaintiff will suffer uncertainty with respect to its responsibilities and obligations under the terms of the said policy.

53. As a result of the Defendant's demand for payment under the terms of the policy of marine insurance attached hereto, and as a result of the lack of any coverage for the loss under the facts and circumstances described herein, a real and justiciable issue exists with respect to the existence of valuable rights under the terms of the policy of marine insurance, and a bona fide, actual and present dispute exists calling for this Court's Declaratory Judgment.

**SIXTH CAUSE OF ACTION**
**(*Uberrimae Fidei*, Policy No. CSRYP/203287)**

54. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 6 through 17 as if set forth fully herein.

55. Plaintiff's Policy No. CSRYP/203287 states, in pertinent part:

    9. General Conditions & Warranties
    …

    m. This contract is null and void in the event of non-disclosure or misrepresentation of a fact or circumstances material to our acceptance or continuance of this insurance. No action or inaction by us shall be deemed a waiver of this provision.

56. Plaintiff's Policy No. CSRYP/203287 states, in pertinent part:

    11. Service Of Suit, Choice Of Law And Forum

    It is hereby agreed that any dispute arising hereunder shall be adjudicated according to well established, entrenched principles and precedents of substantive United States Federal Admiralty law and practice but where no such well established, entrenched precedent exists, this insuring agreement is subject to the substantive laws of the State of New York.

57. DREAM ON misrepresented and/or failed to disclose material facts at the time that it submitted the Application and prior to the issuance of the Policy.

58. The Vessel was unseaworthy at the time of the partial sinking on June 25, 2021.

59. Despite the Defendant answering "no" to questions on the Application asking if a Named Operator had ever been convicted of a criminal offense or pleaded no contest, or if a Named

Operator had any violations/suspensions (including auto) in the previous 5 years, it has since come to light that the Named Operator, Jovanny Rodriguez, had multiple criminal convictions and traffic violations which were not disclosed on the application.

60. The vessel sustained damage as a result of an incident on or about July 18, 2018.

61. The incident of July 18, 2018 was the subject of litigation in the case of *William Pyznar v. Certain Underwriters at Lloyds, London Subscribing to Policy No. B085618H1058*, case no. 1:19-cv-22517-UU in the United States District Court for the Southern District of Florida.

62. The Defendant failed to disclose this prior loss on the Application or at any time during the application process.

63. DREAM ON's misrepresentation of and/or failure to disclose material facts constitutes a breach of the federal admiralty law duty of *uberrimae fidei* ("utmost good faith") and renders the Policy void *ab initio*.

64. Notwithstanding the lack of any coverage under Plaintiff's policy of marine insurance, Defendant has made demand upon Plaintiff for payment of an amount equal to the full insured value of the vessel insured under the said terms of the said policy of marine insurance.

65. As a result of the aforesaid lack of coverage under the terms of the terms of the policy attached hereto, Plaintiff has sustained actual prejudice and seeks this Court's Declaratory Judgment regarding the coverage afforded under the terms of Policy No. CSRYP/203287. Until such time as the Plaintiff is able to have its rights and responsibilities under the marine insurance policy construed by this Court, Plaintiff will suffer uncertainty with respect to its responsibilities and obligations under the terms of the said policy.

66. As a result of the Defendant's demand for payment under the terms of the policy of marine insurance attached hereto, and as a result of the lack of any coverage for the loss under the facts and circumstances described herein, a real and justiciable issue exists with respect to the existence of valuable rights under the terms of the policy of marine insurance, and a bona fide, actual and present dispute exists calling for this Court's Declaratory Judgment.

WHEREFORE, Plaintiff demands judgment from the Court:

(A) Declaring that Plaintiff's Policy No. CSRYP/203287 does not afford coverage to the Defendant for the partial sinking of June 25, 2021;

(B) Declaring that neither the incident of nor the damage resulting from the incident of June 25, 2021 constitute an accidental physical loss;

(C) Declaring that coverage for the incident of June 25, 2021 is excluded under the terms of clear and unambiguous exclusions set forth in Plaintiff's Policy No. CSRYP/203287;

(D) Declaring that the costs of this action be taxed against the Defendant; and

(E) Any and all such other and further relief as the Court may deem proper and appropriate in the premises.

Dated: October 28, 2022

>Fort Lauderdale, Florida
>GOLDMAN & HELLMAN
>*Attorneys for Plaintiff*
>8751 W. Broward Boulevard
>Suite 404
>Fort Lauderdale, Florida 33324
>Tel (954) 356-0460
>Fax (954) 832-0878
>
>By: /s/ Jacqueline L. Goldman
>JACQUELINE L. GOLDMAN, ESQ.
>FLA. BAR NO. 1005573